IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY T. ZGURO,<br>      Plaintiff,<br>  v.<br><br>THEODORE W. JOHNSON AND SUPERINTENDENT THOMAS MCGINLEY,<br>      Defendants. | No. 1:20-CV-01301<br><br>(Judge Rambo) |

### MEMORANDUM OPINION

Plaintiff Larry T. Zguro, a pre-trial detainee presently confined at Dauphin County Prison in Harrisburg, Pennsylvania, filed an amended complaint pursuant to 42 U.S.C. § 1983 against Defendants Commissioner Theodore W. Johnson and Superintendent Thomas McGinley regarding his alleged incarceration beyond his release date for a prior prison sentence. (Doc. 1.) Defendants have filed a motion to dismiss arguing that Plaintiff's constitutional claims are untimely. (Doc. 17 (mot.), 18 (brief).) For the following reasons, the Court will grant the motion.

### I.  STATEMENT OF FACTS

Plaintiff alleges that he was incarcerated at SCI Coal Township, Coal Township, Pennsylvania, at all times relevant to the amended complaint. (Doc. 4 at 4.) In the amended complaint, Plaintiff alleges that he was sentenced on May 23, 2014 to one year, one month, and fifteen days to three years prison sentence, and was given five months and five days of jail time credit by Judge Richard A.

1

Lewis. (*Id.*) He was then incarcerated in a state prison, presumably SCI Coal Township, and started to serve his sentence. (*Id.*) He was brought before the Parole Board three times, on March 31, 2016, November 9, 2016, and April 21, 2017. (*Id.*) Each time he was denied parole. (*Id.*)

On August 3, 2017, Plaintiff was given a parole board decision advising him that his parole violation max date was February 28, 2017, and that his case would be closed effective February 28, 2017. (*Id.*) He was not, however, released from prison until August 3, 2017. (*Id.*) He alleges that he was held for five months and five days over his max date, which constitutes unlawful imprisonment. (*Id.*)

Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment has been violated, and he seeks unspecified monetary relief. (*Id.* at 6-7.)

## II.   STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (*per curiam*). The issue in a motion to dismiss is whether the plaintiff should be

entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, *Cal. Pub. Employees Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, *Twombly*, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common

sense review of the claim to determine whether it is plausible.  This is a context-specific task, for which the court should be guided by its judicial experience.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The complaint that shows that the pleader is entitled to relief—or put another way, facially plausible—will survive a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 8(a)(2); *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

## III.   DISCUSSION

Defendants argue that Plaintiff's Eighth Amendment claim brought pursuant to 42 U.S.C. § 1983 claim is time barred.

No specific statute of limitations applies to actions filed pursuant to § 1983. *See Pearson v. Sec'y Dep't of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015).  Rather, the Supreme Court of the United States has held that the statute of limitations for personal injury actions in the state where the cause of action arose is to be employed. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). *See also Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859–60 (3d Cir. 2014).  As Pennsylvania has a two year statute of limitations for personal injury actions, the

statute of limitations applicable to claims brought under § 1983 in Pennsylvania is two years, subject to any state law tolling provisions which are not inconsistent with federal law.  *See* 42 Pa. Cons. Stat. § 5524(7) (2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

The date when a § 1983 cause of action accrues is determined by federal law.  Under federal law, a civil rights action accrues and the statute of limitations begins to run "'when the plaintiff knew or should have known of the injury upon which [his] action is based.'" *Kach*, 589 F.3d at 634 (quoted cases omitted).  A "cause of action accrues even though the full extent of the injury is not then known or predictable. . . .  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 392 (internal quotation marks and citations omitted).

Plaintiff knew of his injury when he was advised by the parole board on August 3, 2017, that he should have been released on February 28, 2017, thus his cause of action accrued on or about August 3, 2017, and the statute of limitations for filing a § 1983 action related to his continued imprisonment expired on or

5

about August 3, 2019.  He did not file the instant petition until July 30, 2020, almost a year later.  His claim is thus patently untimely.[1]

Section 1983's statute of limitations is subject to tolling.  First, the statute is tolled while an inmate plaintiff exhausts his administrative remedies.  *See Pearson*, 775 F.3d at 603 ("[T]he PLRA is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.").  Second, the statute of limitations may be equitably tolled when the plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances.  *See Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 160 (3d Cir. 2016) (citing *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2007)).  Finally, "[t]he 'discovery rule' tolls the limitations period where the injured party is unable to know that he is injured and to know what caused the injury, despite the exercise of reasonable diligence."  *Brown v. Buck*, 614 F. App'x 590, 593 (3d Cir. 2015).

Plaintiff makes no argument that tolling would apply to make his claim timely, and the Court can discern no circumstance or fact from his amended complaint that would toll the statute of limtiations.  Even if his claim were timely, the Court notes that it would still dismiss the complaint as Plaintiff's sole requested

---

[1] Plaintiff filed various documents in reply to the motion, including a reference to Pennsylvania's four year statute of limitations for contracts.  (*See* Doc. 24.)  That, however, does not apply to an action brought pursuant to § 1983.

remedy is monetary damages, which would be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (barring claims for monetary damage claims unless the allegedly unconstitutional imprisonment has been, *inter alia*, reversed on appeal or called into question by the issuance of a writ of habeas corpus).

Generally, "plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court finds that amendment would be futile as Plaintiff's claim is time barred.

## IV. CONCLUSION

For the foregoing reasons, this Court will grant Defendants' motion to dismiss, and dismiss the complaint.

An appropriate Order follows.

S/Sylvia H. Rambo
United States District Judge

Dated: April 27, 2021